17-2807-ag
Hnatyuk v. Whitaker

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
               ROSEMARY S. POOLER,
               RICHARD C. WESLEY
                            <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - -X
Mykola Hnatyuk,
       <u>Petitioner</u>,

       -v.-                                  17-2807

Matthew G. Whitaker, Acting Attorney General of the United States,
       <u>Respondent</u>.[1]
- - - - - - - - - - - - - - - - - - -X

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Matthew G. Whitaker is automatically substituted for former Attorney General Jefferson B. Sessions III, as Respondent.

1

FOR PETITIONER:     Nancy E. Martin and Anthony D. Collins, Collins & Martin, P.C., Wethersfield, CT.

FOR RESPONDENT:     Chad A. Readler, Acting Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is GRANTED, the judgment of the BIA is VACATED, and we REMAND for further consideration consistent with this order.

Mykola Hnatyuk, citizen of Ukraine, petitions for review of an August 16, 2017 order of the BIA finding him inadmissible under the Immigration and Nationality Act ("INA") due to a conviction under a Connecticut law related to a controlled substance, as defined in the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 et seq. The single issue on appeal is whether Hnatyuk's conviction necessarily relates to a "controlled substance" under the CSA. We assume the parties' familiarity with the underlying facts and procedural history in this case.

In 2008, Hnatyuk pleaded guilty under the Connecticut statute punishing the possession of "any quantity of any narcotic substance." Conn. Gen. Stat. § 21a-279(a) (2008). After returning from a trip abroad, Hnatyuk was charged as inadmissible to the United States under 8 U.S.C. § 1182(a)(2)(A)(i)(II) as an alien convicted of violating a state law relating to a "controlled substance" as that term is defined in section 802 of title 21 of the U.S. Code. In the CSA, "[t]he term 'controlled substance' means a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V [of 21 U.S.C. section 812]." 21 U.S.C. § 802(6).

2

At the time of his conviction, Connecticut law defined "narcotic substance" to include opiates "which are *controlled substances under this chapter*." Conn. Gen. Stat. § 21a-240(30) (2008) (emphasis added). Benzylfentanyl and thenylfentanyl were controlled substances in Connecticut in 2008, but neither substance was on the federal list of controlled substances. See United States v. Madera, 521 F. Supp. 2d 149, 154-55 (D. Conn. 2007). For that reason, Hnatyuk argues that his conviction is not categorically related to a controlled substance under federal law. We agree.

Whether a conviction qualifies as related to a controlled substance is a question of law, which the Court reviews *de novo*. See Hylton v. Sessions, 897 F.3d 57, 60-63 (2d Cir. 2018) (reviewing *de novo* whether a conviction qualifies as an aggravated felony). Where (as here) a statute is indivisible, we apply the categorical approach to determine if the conviction relates to a federally controlled substance. See Harbin v. Sessions, 860 F.3d 58, 64 (2d Cir. 2017); see also Mellouli v. Lynch, 135 S. Ct. 1980, 1986-87 (2015).

"'Under the categorical approach, courts identify the minimum criminal conduct necessary for conviction under a particular statute' by 'looking only to the statutory definitions—i.e., the elements—of the offense, and not to the particular underlying facts.'" Hylton, 897 F.3d at 60 (quoting United States v. Hill, 890 F.3d 51, 55 (2d Cir. 2018)). "Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction 'rested upon nothing more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense." Id. (alteration in original) (quoting Moncrieffe v. Holder, 569 U.S. 184, 190-91 (2013)). "The very basis of the categorical approach is that the *sole* ground for determining whether an immigrant was convicted of [a law relating to a controlled substance] is the minimum criminal conduct necessary to sustain a conviction under a given statute." Id. (emphasis in original) (quoting Martinez v. Mukasey, 551 F.3d 113, 121 (2d Cir. 2008)). In other words, "[d]rug possession . . . convictions trigger removal only if they necessarily involve a federally controlled substance." See Mellouli, 135 S. Ct. at 1989.

The BIA recognized that Connecticut law exceeded the federal definition of controlled substances at the time of Hnatyuk's conviction, but found Hnatyuk inadmissible nevertheless because he failed to present evidence that there was a "realistic probability" Connecticut punished the possession of benzylfentanyl and thenylfentanyl. The BIA erred in relying on the realistic probability test. When the wording of a state statute on its face extends to conduct beyond the definition of the corresponding federal offense, the need for the realistic probability test is obviated. Hylton, 897 F.3d at 63; see Mathis v. United States, 136 S. Ct. 2243, 2251 (2016).

Hylton recognized that "in applying the categorical approach, an unambiguous state statute can be broader on its face than its federal counterpart." 897 F.3d at 65 (citing Mellouli, 135 S. Ct. at 1990; Mathis, 136 S. Ct. at 2251). "By demanding that [the petitioner] produce old state cases to illustrate what the statute makes punishable by its text," the BIA "misses the point of the categorical approach." Id. at 64 (internal quotation marks omitted).

The Government argues that because, at the time of Hnatyuk's conviction, section 21a-279(a) applied to "narcotic" substances and not "controlled" substances, the Connecticut statute is less broad than the federal definition of narcotic substances. This argument misreads the statutory scheme.

First, an alien is inadmissible if convicted under a state law relating to a "controlled" substance. 8 U.S.C. § 1182(a)(2)(A)(i)(II). The federal definition of "narcotic" substance does not determine admissibility. The only question is whether the state law definition of a punishable offense necessarily relates to a federal controlled substance.

Additionally, while section 21a-279(a) referred to narcotic substances in 2008, Conn. Gen. Stat. § 21a-279(a) (2008), Connecticut's definition of narcotic substances incorporated by reference the state's definition of controlled substances. Conn. Gen. Stat. § 21a-240(30) (2008). Thus, Hnatyuk's statute of conviction punished not only the named substances in section 21a-240(30), but also the full range of opiates on Connecticut's controlled substances schedules.

The categorical approach therefore requires a comparison of the state and federal controlled substances lists. <u>See</u> <u>Harbin</u>, 860 F.3d at 68. To be related to a controlled substance under the CSA, the state conviction must necessarily be for conduct that is an offense under the CSA. <u>Id.</u> At the time of Hnatyuk's conviction, section 21a-279(a) criminalized possession of benzylfentanyl and thenylfentayl, substances that were not controlled substances under federal law.

Because section 21a-279(a) punished conduct that was not criminal under the CSA, Hnatyuk's conviction is not related to a controlled substance. "As the categorical approach requires, we look no further . . . ." <u>Hylton</u>, 897 F.3d at 63 (internal quotation marks omitted); <u>see</u> <u>Harbin</u>, 860 F.3d at 68.

For the foregoing reasons, we hereby **GRANT** the petition, **VACATE** the judgment of the BIA, and **REMAND** for further consideration consistent with this order. As we have completed our review, the stay of removal previously granted in this petition is **VACATED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK